**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1335-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JERMAINE VAUGHN,

     Defendant-Appellant.

_____

> Argued June 21, 2021 – Decided July 14, 2021
>
> Before Judges Fisher and Fasciale.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 96-12-1402.
>
> Jermaine Vaughn, appellant, argued the cause pro se.
>
> Jeffrey C. McElwee, Assistant Prosecutor, argued the cause for respondent (Angelo J. Onofri, Mercer County Prosecutor, attorney; Jeffrey C. McElwee, of counsel and on the brief).

PER CURIAM

Defendant appeals from an October 24, 2019 order denying his third petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant maintains that the judge's failure to hold a pretrial conference violated his due process rights and that his plea counsel rendered ineffective assistance by not apprising him of the consequences of rejecting a plea. Judge Timothy P. Lyndon entered the order and rendered a fifteen-page written opinion.

On appeal, defendant argues:

POINT I

THE PCR [JUDGE] ERRED IN FAILING TO FIND THAT THE TRIAL [JUDGE] FAILED TO COMPLY WITH RULE 3:9-1(f) AND RULE 3:9-3(g) WITHOUT AN EVIDENTIARY HEARING VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS.

POINT II

THE PCR [JUDGE] ERRONEOUSLY APPLIED PROCEDURAL BARS TO DEFENDANT'S THIRD PETITION FOR [PCR].

POINT III

PRETRIAL COUNSEL WAS INEFFECTIVE FOR NOT ADVISING DEFENDANT OF THE POTENTIAL CONSEQUENCES OF A GUILTY VERDICT, INFORM THE COURT OF THE NONEXISTENCE OF A PRETRIAL

2

A-1335-19

MEMORANDUM FORM AND MISINFORMED DEFENDANT TO NOT TAKE A PLEA.

We affirm substantially for the reasons expressed by Judge Lyndon. We add the following remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

I.

We first reject defendant's contention that the judge erroneously determined that his petition was time barred.

Rule 3:22-12(a)(1)(A) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41,

3

52 (1997)). Moreover, we have held that "when a first PCR petition" is filed "more than five years after the date of entry of the judgment of conviction," the PCR judge should examine the "timeliness of the petition" and the defendant must "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant]'s claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant's judgment of conviction was entered on March 23, 1999. He filed his first PCR petition on June 14, 2004, his second on September 12, 2014, and his third on March 31, 2019. Defendant has not established that the factual predicate of his PCR, namely the pre-trial memorandum, could not have been discovered earlier than twenty years after his conviction. His petition is therefore untimely under R. 3:22-12(a)(2)(b). Furthermore, he established no excusable neglect for that late filing.

4

Defendant is also unable to show that enforcement of the time bar would result in a reasonable probability of fundamental injustice as he has not demonstrated a prima facie claim of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant recognizes that, prior to proceeding to trial, the plea offered to him was an open plea to felony murder with no sentencing recommendation from the State and, therefore, no guarantee that he would receive less than a thirty-year sentence. The judge advised defendant prior to trial that it was his last opportunity to take a plea. Defendant's claim that he was not advised by counsel and that having the pre-trial memorandum would have changed the outcome is without merit and he cannot establish that, had he been advised differently, he would have opted to forego his right to trial and accept a plea with the same sentencing exposure.

A-1335-19

II.

We next reject defendant's claim that the judge erroneously determined that his petition was procedurally barred.

PCR is not a substitute for a direct appeal. R. 3:22-3; State v. Hess, 207 N.J. 123, 145 (2011). Rather, PCR "provides a defendant with a means to challenge the legality of a sentence or final judgment of conviction which could not have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 482 (1997). Accordingly, any ground for relief not raised in the proceedings resulting in the conviction or in a direct appeal therefrom is barred unless the judge finds:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> [R. 3:22-4(a)(1)-(3).]

A review of the record establishes that the PCR judge correctly applied the procedural bar, as defendant's claims either were or could have been raised

6

in an earlier proceeding.  If defendant knew that he was not informed of his sentencing exposure at trial or the consequences of rejecting the State's plea, he could have raised these claims either on direct appeal or in one of his two previous PCR petitions.

### III.

We also reject defendant's claim that the judge erred in not conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a PCR petition only when he establishes a prima facie claim and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)).  As we have previously detailed, the existing record provided an adequate basis for the findings that defendant did not establish a prima facie claim of ineffective assistance of counsel and, therefore, defendant was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION